Case 4:19-cv-03293   Document 84   Filed on 06/13/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELMEN HOLDINGS, LLC, § | |
|  *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:19cv3293 |
| § | |
| MARTIN MARIETTA MATERIALS INC., § | |
| SUCCESSOR BY MERGER TO TEXAS § | |
| INDUSTRIES, INC., § | |
|  *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

This dispute is before the Court on Defendant Martin Marietta Materials, Inc.'s Motion for Summary Judgment (ECF 65), and Plaintiff Elmen Holdings, Inc.'s Motion for Summary Judgment (ECF 66).[1] Having considered the parties' submissions, arguments of counsel, and the law, the Court RECOMMENDS that with respect to any claim by Elmen based on Martin Marietta's failure to commence mining operations within a reasonable time, Martin Marietta's Motion for Summary Judgment be GRANTED and Elmen's Motion for Summary Judgment be DENIED. With respect to the remainder of the Cross-Motions for Summary Judgment, the Court RECOMMENDS they be DENIED WITHOUT PREJUDICE to refiling on the issue of whether the Lease terminated based on Martin Marietta's failure to timely pay or tender advance royalties.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 14.

1

## I. Factual and Procedural Background

On April 16, 1970, Milton and Wilma Jean Minarcik ("the Minarciks") executed a Sand and Gravel Mining Agreement ("Gravel Lease") with Texas Industries, Inc. ("TXI") granting TXI the exclusive right to mine sand and gravel on the Minarcik's property in Colorado County, Texas. ECF 1 at 18-39. Martin Marietta acquired the Gravel Lease in 2014. ECF 65-1 at 35. The Gravel Lease contains the following term:

> 2. Subject to the other provisions herein contained the *term* of this lease shall be *for as long as merchantable materials are mined or produced* from the leased premises, *or for as long as Lessee shall pay the advance minimum royalty* as hereinbelow specified.

ECF 1 at 19 (emphasis added). The Gravel Lease further requires the Lessee (Martin Marietta) to pay the advance minimum royalty "[c]ommencing on April 16, 1972, and on or before said day and month of each successive year hereunder." *Id.* at 20.

Elmen purchased the property from heirs of the Minarciks in 2018 and sued Martin Marietta in Texas state court in Colorado County, seeking a declaratory judgment that the Gravel Lease had terminated. ECF 1 at 7-10. Martin Marietta timely removed the case on the basis of diversity jurisdiction. Elmen, with leave of court, filed a Second Amended Complaint on August 27, 2021. ECF 60. In Cross-Motions for Summary Judgment currently before the Court each side seeks summary judgment in their favor on Elmen's claims (1) for declaration that the Gravel Lease terminated or is unenforceable and for breach of contract damages because Martin Marietta did not commence mining operations within a reasonable time; and (2) for declaration that the Gravel Lease terminated or is

unenforceable because Martin Marietta failed to timely pay or tender advance royalties as required by the Gravel Lease.

## II. Summary judgment standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for

3

specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

**III. Analysis**

Elmen seeks on summary judgment a declaration that the Lease has terminated either because (1) the failure to commence mining operations for over fifty years was unreasonable delay which terminated the Lease; or (2) Lessee failed to make advance royalty payments which terminated the Lease. ECF 66. Martin Marietta seeks summary judgment on Elmen's claims for a declaration that the Lease terminated and on Elmen's claim for breach of contract and/or breach of contract damages. ECF 65. The Court addresses claim (1) above first.

**A. Martin Marietta did not forfeit or breach the Gravel Lease by not commencing mining operations within a reasonable time.**

Elmen's Second Amended Complaint asserts that Martin Marietta's "failure and continuing failure to develop the Gravel Lease constitutes a breach of contract resulting in damages to Elmen" and "constitutes a forfeiture of the Gravel Lease." ECF 60 at 8. Elmen seeks damages in the amount of the agreed royalty rates that it would have received during the period gravel should have been mined." *Id.* at 8, 10.

The Court applies Texas law when interpreting the Gravel Lease. Under Texas law, the Court must "ascertain the intentions of the parties as expressed in the document." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 514 (Tex.2014). The Court's analysis starts with the language of the Gravel Lease because it is the "best representation of what the parties mutually intended." *RSUI Indem. Co. v. The Lynd Co.*,

4

466 S.W.3d 113, 118 (Tex. 2015). The Court "give[s] words and phrases their ordinary and generally accepted meaning, reading them in context and in light of the rules of grammar and common usage." *Id.* Contract language is not ambiguous "simply because the parties offer conflicting interpretations." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex.2003)). Instead, "a contract is ambiguous only when the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning." *Id.* at 119 (citations omitted).

As set forth in the factual background above, the term of the Gravel Lease is "*for as long as merchantable materials are mined or produced* from the leased premises, *or for as long as Lessee shall pay the advance minimum royalty* as hereinbelow specified." ECF 1 at 19 (emphasis added). Significantly, the Gravel Lease further provides:

> 12. *The commencement, duration and location of operations* by Lessee for the purpose of mining and removing material from the premises during the term of this lease *shall be under the sole and exclusive control of Lessee, and Lessee shall not be required to commence or conduct any such operations at any time* nor to mine or remove any minimum or maximum amount of materials during any part of the term hereof.

ECF 1 at 25 (emphasis added).

Neither the term of the Gravel Lease nor the fee simple determinable interest granted by the Gravel Lease are conditioned on commencement of mining operations. *See* ECF 1 at 18-19. In fact, the plain terms of the Gravel Lease *expressly disclaim* any obligation for Lessee to commence operations or mine any amount of material during the period of the Gravel Lease. ECF 1 at 25. Because the Gravel Lease does not include an obligation to

commence mining operations, Martin Marietta did not breach an express covenant under the Lease by failing to do so, even for over 50 years.

Elmen argues the Lessee breached an implied covenant to commence mining operations, but Texas law does not recognize such an implied covenant where the lease terms disclaim any such promise. *See Dallas Power & Light Co. v. Cleghorn*, 623 S.W.2d 310, 311 (Tex. 1981) ("There is no express promise made by the lessees to commence mining operations. Moreover, any implied promise to do so is negated by the specific language of the leases."). The plain language of the Gravel Lease expressly disclaims any obligation for Lessee to commence operations or mine any amount of material during the term of the Gravel Lease. Thus, Lessee did not breach any implied covenant in the Gravel Lease by failing to commence mining operations over the past fifty-plus years. For these reasons, the Court recommends that Elmen's claim for a declaration of termination and damages due to the Lessee's failure to commence mining operations within a reasonable time be dismissed with prejudice.

**B.     In light of the ruling on Elmen's 12(c) motion, the Court requires additional briefing on whether the Lease terminated automatically or was subject to termination for failure to timely pay advance royalties.**

In light of the Court's previous ruling on Elmen's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), which held that the Gravel Lease granted a fee simple determinable interest in sand and gravel to the Lessee (ECF 81 at 3-11), and the current recommendation for dismissal of Elmen's claim regarding failure to commence operations, the interests of justice favor granting the parties leave to revise their briefing to address the proper interpretation of the Gravel Lease as being subject to

(1) automatic termination upon Martin Marietta's failure to timely pay or tender the minimum advance royalties due under the lease; or (2) termination or forfeiture only after Lessor provided notice of the failure to pay advance minimum royalty and affording Lessee a ten-day period within which to cure the nonpayment.  In other words, the interests of justice require the Court to afford the parties the opportunity to brief whether the terms of the Lease operate as a special limitation (the failure of which causes automatic termination) or a condition subsequent (the failure of which provides a right of forfeiture after the notice and opportunity to cure).  Therefore, the Court recommends that the Cross-Motions on Summary Judgment be denied without prejudice to refiling on Elmen's remaining claim for a declaration that the Lease has terminated.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Elmen's Motion for Summary Judgment (ECF 66) be DENIED and Martin Marietta's Motion for Summary Judgment (ECF 65) be GRANTED as to Elmen's claims for declaration that the Gravel Lease terminated and for breach of contract damages based on Martin Marietta's failure to commence mining operations within a reasonable time.  The Court further RECOMMENDS that Elmen's Motion for Summary Judgment (ECF 66) and Martin Marietta's Motion for Summary Judgment (ECF 65) be DENIED WITHOUT PREJUDICE as to Elmen's claim for declaration that the Lease terminated due to Martin Marietta's failure to timely pay or tender minimum advance royalties.  The Court will issue a separate briefing schedule for the filing of renewed motions.

The Clerk of the Court shall send copies of the memorandum and recommendation

to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 13, 2022, at Houston, Texas.

                                                      Christina A. Bryan
                                          United States Magistrate Judge